UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

AMANDA OLIVER,                           Case No. _____

       Plaintiff,

vs.

PERFORMANT RECOVERY, INC.

       Defendant.

---

## COMPLAINT

---

NOW COMES, Plaintiff, Amanda Oliver, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant, Performant Recovery, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Wisconsin Consumer Act ("WCA"), Wis. Stat. 427 *et seq*, and the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §101 *et seq*.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. §

Drafted by:
Heidi N. Miller, SBN 1087696
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; Fax (414) 755-0860
Heidi@dela-law.com

1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. This Court has jurisdiction over the claims arising under the Bankruptcy Code, because this case arises under the laws of the United States.

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is a foreign corporations, with a principal place of business in California. They are subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

**Parties**

8. Plaintiff Amanda Oliver (hereinafter "Ms. Oliver") is a natural person who resides in the City of Oak Creek, County of Milwaukee, State of Wisconsin.

9. Defendant Performant Recovery, Inc. (hereinafter "Defendant Performant") is a national debt collection company located 333 North Canyons Pkwy, #100, Livermore, CA 94551.

**BACKGROUND**

10. In 2006, Ms. Oliver took out an Education One Undergraduate Loan with JPMorgan Chase Bank, N.A.

11. Her grandfather, William Thompson, co-signed on the loan with her at that time.

12. Ms. Oliver made monthly payments on her student loan through her online account at aessuccess.org.

13. On April 12, 2013, William Thompson, together with his wife, Joyce Thompson, filed for relief under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Wisconsin (13-24543-ghm).

14. He listed his obligation to AES for Ms. Oliver's educational loan on Schedule F.

15. Ms. Oliver was not aware at that time that William Thompson had filed for bankruptcy.

16. On June 5, 2013, she signed into her online account to make her monthly payment, but her account read that there was a zero balance and that a payment of $30.736.75 as made on June 3, 2013.

17. Since she knew this information was not correct, she assumed the website was having issues and decided to check back a few days later.

18. When she checked back, the information was the same.

19. After looking into the site a little further, Ms. Oliver discovery that her loan was "no longer being serviced my AES" and that the new company servicing the loan would "send [her] information."

20. When she did not hear anything from the "new servicer" she called customer service at AES in mid-June.

21. An AES representative informed her that the loan was no longer with AES as William Thompson had filed for bankruptcy.

22. The AES representative then went on to explain that the loan had been sold to NCO Financial (hereinafter "NCO"), and told her to call 1-800-487-2005 to speak with someone at NCO.

23. Ms. Oliver called NCO where she was told that because her co-signer filed a Chapter 13 bankruptcy the loan was being held by them in a "frozen" state.

24. Ms. Oliver asked if her loan was going to incur interest during this time period, and she was told that NCO was not allowed to charge interest or ask for payment on this loan during the duration of her grandfather's bankruptcy.

25. Ms. Oliver was told that she had the option to pay on the loan by check or money order during this time, but that no collection attempts would be made during the bankruptcy of William Thompson.

26. Hearing that she could resume payments after the bankruptcy relieved Ms. Oliver.

27. Ms. Oliver's relief was short lived; however, she received a call from Defendant Performant on or about July 26, 2013.

28. An employee told her that Defendant Performant represented National Collegiate Trust and that her student loan had gone into default and due to the "length of delinquency" demanded full payment immediately.

29. Ms. Oliver explained to the representative that it was not severely delinquent and that she had made a normal payment to the AES in May.

30. The Performant employee gave Ms. Oliver a settlement amount of around $27,000 that would need to be made within a few business days in order to avoid reporting the "default" to the credit bureaus and damaging her credit score.

31. Ms. Oliver, shocked and confused, explained her grandfather's bankruptcy situation and that NCO had told her that her account was frozen.

32. The Performant employee stated that the loan was now in default and that they did not really care to hear anymore.

33. Ms. Oliver explained that expecting $27,000 in such a short notice was unreasonable and impossible.

34. The Performant employee then told Ms. Oliver that it was possible for them to put her into a payment plan, but that the loan would remain in default until it was paid off and she would be charged a high interest while the loan sat in default.

35. Ms. Oliver then asked why none of the bankruptcy laws were protecting her since her grandfather was the one who was directly tied to her loans and it was her grandfather that filed, not her.

36. The Performant employee then explained that they had unilaterally removed William Thompson as a co-signer and that now it was up to Ms. Oliver to either pay the loan in full or remain in default.

37. At this point, Ms. Oliver was in tears as she did not know how she was going to suddenly pay back such a large sum of money.

38. Crying and distraught, she called her grandmother and explained what had happened as a result of her grandparent's bankruptcy.

39. The Defendant's actions as described herein left Ms. Oliver feeling helpless and victimized.

## Count 1 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant Performant is a debt collector as defined by 15 U.S.C. §1692a(6).

42. Ms. Oliver is a "consumer" as defined by 15 U.S.C. §1962a(3).

43. The foregoing acts and omissions of Defendant Performant and its agents constitute numerous and multiple violations of the FDCP including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

44. Specifically, Defendant Performant cannot unilaterally remove a co-signer of a loan in an attempt to circumvent the co-debtor stay protection that the Bankruptcy Code affords, and since they cannot unilaterally remove the co-signer, they cannot represent to a consumer that they have done so.

45. As a result of the Defendant's illegal conduct, Ms. Oliver has suffered emotional distress and mental anguish.

46. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant Performant.

## Count 2 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 427)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The amount that the Defendant was attempting to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

49. Defendant's conduct violated 427.104(1)(h) in that the Defendant's conduct as described herein could reasonably be expected to harass a person related to the customer in which the Defendant was attempting to collect.

50. As a result of the Defendant's illegal conduct, Ms. Oliver has suffered emotional distress and mental anguish.

51. Defendant Performant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

### Count 3 – Willful Violation of the Automatic Stay (11 U.S.C. §362)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Upon the filing of William Thompson's bankruptcy on April 12, 2013, the co-debtor stay as defined in 11 USC §1301 went into effect.

54. Defendant Performant did not petition the court for relief from the co-debtor stay.

55. Defendant Performant was not granted relief from the co-debtor stay.

56. Defendant Performant had actual knowledge of William Thompson's bankruptcy.

57. Defendant Performant willfully violated the co-debtor stay by attempting to collect the debt from Ms. Oliver during the pendency of William Thompson's Chapter 13 bankruptcy.

### Trial by Jury

58. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Oliver prays that this Court will enter judgment against Defendant Performant as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant for the Plaintiff;

B. for an award of statutory damages of $1,000.00 per violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant for the Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant;

D. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105;

E. for finding the Defendant in violation of the co-debtor stay; and

F. for such other and further relief as may be just and proper.

Dated this 25rd day of November, 2013.

DeLadurantey Law Office, LLC

/s/ Nathan E. DeLadurantey

Nathan E. DeLadurantey
Nathan@dela-law.com

Heidi N. Miller
Heidi@dela-law.com

735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN )
) ss
COUNTY OF MILWAUKEE )

Plaintiff AMANDA OLIVER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Amanda Oliver

Subscribed and sworn to before me
this 26th day of November, 2013.

_____
Deborah A. Stoddard
Notary Public
My commission expires: September 28, 2014